IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CCA and B, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| PLAYFULHARE.COM, | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff CCA and B, LLC ("Plaintiff") brings this action against Defendant Playfulhare.com ("Defendant") and alleges the following:

## NATURE OF ACTION

1. This action for damages and injunctive relief is brought by Plaintiff pursuant to the United States Copyright Act, 17 U.S.C. § 101 *et seq.,* as amended, the United States Trademark Act (the Lanham Act), 15 U.S.C. § 1051 *et seq.*, and other common law and statutory law as set forth herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (trademark and copyright). This Court has supplemental jurisdiction over the state common law claims pursuant to 28 U.S.C. § 1367.

3. Personal jurisdiction over Defendant is proper in this jurisdiction because Defendant's internet service provider ("ISP"), Shopify Inc., may be found in this district and, pursuant to the Digital Millennium Copyright Act, 17 U.S.C. § 512(g)(3)(d), Defendant expressly

consented to jurisdiction in this district by submitting the DMCA Counter Notice that is the subject of this action. (*See* Exhibit H.)

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(3) and 1400(a).

## THE PARTIES

5. Plaintiff CCA and B, LLC is a Georgia limited liability company with its principal place of business at 3350 Riverwood Parkway, Suite 300, Atlanta, Georgia 30339.

6. On information and belief, Defendant Playfulhare.com is an entity, association, or individual with, upon information and belief, a location outside the United States, that owns the domain name Playfulhare.com and operates the associated website.

## RELEVANT FACTS

7. Plaintiff is, among other things, a family-owned and operated global intellectual property company dedicated to bringing Santa's North Pole to life for children around the world through consumer products, original entertainment, and brand experiences.

8. In 2005, two of Plaintiff's founders co-authored a children's book titled "The Elf on the Shelf: A Christmas Tradition."

9. Since then, Plaintiff has continuously published, marketed, and sold the book alongside a line of plush dolls, accessories, toys, and a variety of licensed products aimed at children and families.

10. Plaintiff owns and uses various trademarks for its various product offerings including, but not limited to, THE ELF ON THE SHELF, SCOUT ELF, ELF PETS, and CLAUS COUTURE (collectively, "Plaintiff's Marks").

11. Plaintiff has sold certain of its plush dolls and accessories in commerce in the United States under Plaintiff's Marks since at least 2005, has used Plaintiff's Marks continuously since that date, and has not abandoned Plaintiff's Marks.

12. As a result of Plaintiff's widespread advertising and marketing of its books, plush dolls, and accessories under Plaintiff's Marks, together with substantial sales of those goods, Plaintiff has established considerable goodwill in Plaintiff's Marks, which are valuable source identifiers.

13. Plaintiff owns numerous federal trademark registrations for Plaintiff's Marks. True and correct copies of certificates of registration for some of Plaintiff's Marks are attached as Exhibit A (collectively, "Plaintiff's Registrations").

14. Each of Plaintiff's Registrations is valid and enforceable, and many are incontestable.

15. Plaintiff created, manufactures, distributes, and authorizes others to manufacture and distribute, a number of original works of creative expression, including plush dolls, books, and related accessories (collectively, the "Copyrighted Works").

16. Plaintiff's Copyrighted Works include: blue- and brown-eyed male and female Scout Elf plush dolls; a reindeer plush doll; a St. Bernard plush doll; a fox plush doll; *The Elf on the Shelf: A Christmas Tradition* book and illustrations; *Elf Pets: A Reindeer Tradition* book and illustrations; *Elf Pets: A Saint Bernard Tradition* book and illustrations; and *Elf Pets: An Artic Fox Tradition* book and illustrations. True and correct photographs of representative examples of the Copyrighted Works are attached as Exhibit B.

17. Each of Plaintiff's Copyrighted Works constitutes an original work of authorship embodying copyrightable subject matter, subject to and entitled to the full protection of the United States Copyright Act.

18. Plaintiff owns the copyrights to all of Plaintiff's Copyrighted Works.

19. Plaintiff's Copyrighted Works are registered with the United States Copyright Office. True and correct copies of the Certificates of Registration for each of Plaintiff's Copyrighted Works are attached as Exhibit C.

20. On information and belief, Defendant is an online retailer of "a one-stop-shop for the coolest gadgets for guys" that "take[s] pride in our ability to use innovative chemistry and modern design craftsmanship to set the standard for next-generation toys, glass, electronics, materials, batteries, and phone accessories." (*See* Exhibit D.)

21. Defendant's goods are sold online through its fully interactive commercial website at www.playfulhare.com. (*Id.*)

22. Among other products, Defendant sells and offers for sale in interstate commerce in the United States, Christmas "elf kits" containing, among other things, elf doll accessories and activities for use in connection with Christmas elf dolls. (*See* Exhibit E.)

23. Defendant's elf kits include photographs of Plaintiff's copyrighted Scout Elf dolls as part of the accessories and activities sold in each kit. Such photographs are used without authorization from Plaintiff.

24. Defendant also advertises, promotes, and markets its elf kits online through social media posts using Plaintiff's THE ELF ON THE SHELF trademark. (*See* Exhibit F.) Defendant is not authorized to use Plaintiff's THE ELF ON THE SHELF trademark in connection with the

4

sale, offering for sale, distribution, or advertising of any of its products, including but not limited to Defendant's elf kits.

25. On or about October 16, 2024, Plaintiff submitted a notice to Shopify, Defendant's web hosting company, under the Digital Millennium Copyright Act (17 U.S.C. § 512) to remove from Defendant's website the product listing for its elf kits because said kits contain photographs of Plaintiff's copyrighted Scout Elf doll without Plaintiff's authorization. (*See* Exhibit G.)

26. On or about October 18, 2024, Defendant submitted a DMCA Counter Notice to Shopify in order to reinstate the product listing for its elf kits on its website swearing, under penalty of perjury, that it has "a good faith belief that the affected content was removed as a result of a mistake or misidentification of the content to be removed." (*See* Exhibit H.)

27. Upon information and belief, Defendant continues to sell, offer for sale, distribute, and advertise its elf kits online on social media and elsewhere online using Plaintiff's THE ELF ON THE SHELF trademark and/or photos of Plaintiff's copyrighted Scout Elf dolls.

28. Defendant is not authorized to use any of Plaintiff's Marks or Plaintiff's Copyrighted Works in any capacity.

29. Defendant's actions are willful and in bad faith. Plaintiff is forced to bring this action in this Court to protect its valuable copyrights and trademarks.

## COUNT I
## COPYRIGHT INFRINGEMENT
**(17 U.S.C. § 106)**

30. Paragraphs 1-29 are incorporated herein by reference as if fully set forth.

31. Plaintiff is the sole and exclusive owner of all right, title, and interest in and to the Copyrighted Works.

32. Defendant reproduced and/or displayed one or more of Plaintiff's Copyrighted Works in photographs contained in and sold as part of Defendant's elf kits.

33. Defendant also reproduced and/or displayed one or more of Plaintiff's Copyrighted Works in photographs posted online to advertise, promote, market, and/or sell and offer for sale its elf kits.

34. Plaintiff has not licensed or otherwise authorized Defendant to reproduce, publicly display, distribute, or create derivative works of any of the Copyrighted Works.

35. Defendant's infringement is willful and in knowing disregard for Plaintiff's rights.

36. Defendant's actions constitute willful copyright infringement within the meaning of 17 U.S.C. § 504(c)(2).

37. As a result of Defendant's infringement, Plaintiff is entitled to recover any damages it has sustained and will sustain, and any profits obtained by Defendant as a result of or attributable to the infringement, in an amount to be proven at trial.

38. Alternatively, and at Plaintiff's election, Plaintiff is entitled to an award of statutory damages in an amount of not less than $750 and not more than $150,000 per Copyrighted Work infringed.

39. Plaintiff is also entitled to preliminary and permanent injunctive relief to prevent Defendant from continuing to infringe Plaintiff's Copyrighted Works pursuant to 17 U.S.C. § 502.

40. Additionally, Plaintiff is entitled to recover its full costs, including its reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

## COUNT II
## <u>FEDERAL TRADEMARK INFRINGEMENT</u>
## (15 U.S.C. § 1114)

41. Paragraphs 1-29 are incorporated herein by reference as if fully set forth.

42. Defendant is using one or more marks or symbols in commerce that are likely to cause confusion, to cause mistake, or to deceive, and likely to cause purchasers and potential purchasers to falsely believe that Defendant's goods are sponsored by, approved by, or affiliated with Plaintiff, or that Plaintiff's goods are sponsored by, approved by, or affiliated with Defendant.

43. Defendant is using in commerce one or more marks or symbols that are identical to, substantially indistinguishable from, colorable imitations of, or confusingly similar to Plaintiff's Marks, and the unauthorized use of Plaintiff's Marks by Defendant in commerce is likely to cause damage and other irreparable injury to Plaintiff unless such use is enjoined by this Court, Plaintiff having no adequate remedy at law.

44. Defendant's use of one or more marks in commerce that are identical to, substantially indistinguishable from, colorable imitations of, or confusingly similar to Plaintiff's Marks constitutes an infringement of Plaintiff's rights in and to its federally registered trademarks in violation of 15 U.S.C. § 1114.

45. After a reasonable opportunity for further investigation and discovery, the evidence will likely show that Defendant's aforesaid acts have been and are being committed with knowledge of Plaintiff's Marks, and that such acts are likely to cause confusion, or to cause mistake, or to deceive. Defendant's acts are, therefore, intentional, willful, and maliciously calculated to cause confusion, to cause mistake, or to deceive. As such, this is an exceptional case.

46. In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendant: (1) its profits; (2) any damages sustained by Plaintiff; and (3) the costs of the instant

action. Further, based upon the nature of Defendant's violation of Plaintiff's trademark rights, Plaintiff is entitled to reasonable attorneys' fees, treble damages, and/or enhanced profits.

47. Plaintiff is further entitled to an award of three times its damages or Defendant's profits for Defendant's intentional use of a counterfeit mark, pursuant to 15 U.S.C. § 1117(b).

48. Alternatively, Plaintiff is entitled to recover, instead of actual damages and profits, an award of statutory damages of not less than $1,000 or more than $2,000,000 per counterfeit mark per type of good or service sold or offered for sale.

49. Plaintiff has been or is likely to be irreparably damaged by Defendant's use of an infringing mark and will continue to be irreparably damaged unless immediately and permanently enjoined by this Court.

## COUNT III
## FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

50. Paragraphs 1-29 are incorporated herein by reference as if fully set forth.

51. In marketing and selling its goods in commerce in the United States, Defendant has used in connection with its goods a false designation of origin that is likely to cause confusion, to cause mistake, or to deceive others to believe that Defendant's goods are sponsored by, approved by, originate with, or are affiliated with Plaintiff, or that Plaintiff's goods are sponsored by, approved by, originate with, or are affiliated with Defendant.

52. Defendant has caused its goods to be offered for sale in commerce with knowledge of such false designation of origin or description or representation.

53. Defendant has willfully promoted in commerce the sale of its goods in a manner so as to falsely designate an origin or an association with Plaintiff or with Plaintiff's Marks, so as to

be likely to cause confusion or mistake among purchasers as to the true origin, source, sponsorship, or affiliation of Plaintiff's or Defendant's goods, all to Defendant's profit and Plaintiff's damage.

54. Plaintiff has been and/or will be irreparably damaged by the use of such false designation and/or representation and will continue to be irreparably damaged unless Defendant is preliminarily and permanently enjoined by this Court, Plaintiff having no adequate remedy at law.

55. Defendant's acts, as set forth above, constitute unfair competition, false designation of origin, and false description in violation of 15 U.S.C. § 1125(a).

56. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover: (1) Defendant's profits; (2) any damages sustained by Plaintiff; and (3) the costs of the instant action.

57. Based on the willful nature of Defendant's violations of Plaintiff's trademark rights, this is an exceptional case, and Plaintiff is entitled to recover its reasonable attorneys' fees and treble profits or damages.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

58. Paragraphs 1-29 are incorporated herein by reference as if fully set forth.

59. Defendant's use of marks that are confusingly similar to Plaintiff's Marks, in connection with goods which are the same as or are competitive with Plaintiff's goods, is likely to cause confusion, to cause mistake, and to deceive.

60. Defendant is offering its goods for sale with knowledge of Plaintiff's Marks.

61. Defendant has promoted and offered for sale its goods in such a manner as to suggest an association, affiliation, or sponsorship with, or approval by Plaintiff, or so as to cause, or be likely to cause, confusion or mistake among purchasers as to the origin or sponsorship of Plaintiff's and Defendant's goods, all to Defendant's profit and Plaintiff's damage.

62. Defendant's aforesaid conduct constitutes infringement of Plaintiff's common law rights in and to Plaintiff's Marks, and further constitutes common law unfair competition, all of which has irreparably damaged and/or will irreparably damage Plaintiff, together with its goodwill and reputation, unless Defendant is enjoined and restrained by this Court, Plaintiff having no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff is entitled to and prays for relief as follows:

(i) That Defendant, and those persons in active concert or participation with Defendant, be preliminarily and permanently enjoined and restrained from reproducing, displaying, and/or creating unauthorized derivative works and/or copies of Plaintiff's Copyrighted Works or from otherwise infringing Plaintiff's copyrights;

(ii) That Defendant, and those persons in active concert or participation with Defendant, be preliminarily and permanently enjoined and restrained from advertising, offering for sale and selling any goods under or in connection with Plaintiff's Marks, or any other designation, trademark or service mark that is likely to cause confusion, mistake, or deception as to the source or sponsorship of Plaintiff's and Defendant's goods, or from otherwise infringing Plaintiff's Marks;

(iii) That Plaintiff be awarded damages for copyright infringement under the Copyright Act, 17 U.S.C. § 504, *et seq.*, together with any profits obtained by Defendant as a result of or attributable to its copyright infringement; or in the alternative and at Plaintiff's election, an award of statutory damages of not less than $750 and not more than $150,000 per Copyrighted Work infringed;

(iv) That this Court order Defendant to deliver up for destruction all unauthorized copies of Plaintiff's Copyrighted Works in its possession, custody, or control;

(v) That an accounting be conducted and judgment rendered against Defendant for:

a. all profits received by Defendant from the sale of goods under or in connection with Plaintiff's Marks in the United States;

b. all damages in an amount to be proven at trial from, *inter alia*, Defendant's trademark infringement, unfair competition, false designation of origin and false description or representation, pursuant to 15 U.S.C. § 1051, *et seq.*; and

c. any other actual and compensatory damages in an amount not presently known, but to be computed during the pendency of this action.

(vi) That any damages assessed against Defendant for trademark infringement and unfair competition be trebled pursuant to 15 U.S.C. § 1117, and any profits be enhanced as warranted;

(vii) Alternatively, an award of statutory damages from Defendant for Defendant's use of a counterfeit mark of no less than $1,000 and no more than $2,000,000 per mark per type of good or service sold;

(viii) That Defendant be directed to file with the Court and serve upon Plaintiff, no later than thirty (30) days after the issuance of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendant complied with the injunctions of the immediately preceding paragraphs and any other provision of this Court's Order;

(ix) That Defendant be ordered to pay Plaintiff's expenses in this suit, including reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 505; and

(x) That Plaintiff be granted any other and further relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Lucinda C. Cucuzzella*

| | |
|---|---|
| OF COUNSEL: | Michael J. Flynn (#5333) |
| | Lucinda C. Cucuzzella (#3491) |
| Carrie A. Hanlon | 1201 North Market Street |
| Jason H. Cooper | P.O. Box 1347 |
| THE SLATKUS LAW GROUP | Wilmington, DE 19899 |
| 1397 Carroll Drive | (302) 658-9200 |
| Atlanta, GA 30318 | mflynn@morrisnichols.com |
| (404) 252-0900 | ccucuzzella@morrisnichols.com |
| | |
| November 1, 2024 | *Attorneys for Plaintiff CCA and B, LLC* |